# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOLANDA G., | )  |
| Plaintiff, | ) **ORDER ADOPTING REPORT &** |
| | ) **RECOMMENDATION AND** |
| v. | ) **CLOSING CASE** |
| ANDREW SAUL, Commissioner of the Social Security Administration, | ) Case No. 1:20-CV-00060-RJS-DAO |
| | ) Chief District Judge Robert J. Shelby |
| Defendant. | ) Magistrate Judge Daphne O. Oberg |

Plaintiff, Yolanda G., filed her Complaint (Doc. 3) on May 20, 2020, seeking review of the Defendant Commissioner of the Social Security Administration's decision denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–434, 1381–1385. The action was later referred to Magistrate Daphne A. Oberg (Doc. 19).

Judge Oberg issued a detailed Report and Recommendation on June 21, 2021 (Doc. 31). Judge Oberg recommended the undersigned affirm the Commissioner's decision denying benefits. In her Report and Recommendation, Judge Oberg also cautioned that:

> [t]he parties must file any objection to this Report and Recommendation within fourteen (14) days of service. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

(Doc. 31 at 14.)

More than fourteen days have elapsed since Judge Oberg issued her Report & Recommendation. Neither party has filed any objection to it. Indeed, there has been no activity on the docket since the Report & Recommendation issued. In view of this, and as discussed below, any objections have been waived.

Under the Tenth Circuit's "firm waiver" rule, where there is no timely and specific objection, appellate review of both factual and legal questions has been waived. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

Although the court may choose not to apply the firm waiver rule "when the interests of justice so dictate," there is no discernable reason in the record for such a course. *Moore,* 950 F.2d at 659 (citations omitted) (joining other courts to conclude the firm waiver rule need not apply to pro se litigants who were not advised of the consequences of any failure to object). As noted above, Judge Oberg advised the parties of the consequences of any failure to object. And the docket reflects that both parties are represented by counsel.

Moreover, after reviewing the briefing and relevant legal authorities, the court concludes that Judge Oberg did not clearly err in analyzing Yolanda G.'s appeal. The court therefore ADOPTS the Recommendation and AFFIRMS the Commissioner's decision. The Clerk of Court is directed to close the case.

SO ORDERED this 7th day of July, 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge